UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARCADIA DEVELOPMENT LLC,

    Plaintiff,

v.                                      Case No: 2:17-cv-552-FtM-99MRM

WINN-DIXIE STORES, INC. and
WINN-DIXIE STORES LEASING, LLC,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on *sua sponte* review of Plaintiff Arcadia Development LLC's Complaint. (Doc. 1). Arcadia brings this breach of contract suit against Defendants Winn-Dixie Stores, Inc. and Winn-Dixie Stores Leasing, LLC, citing diversity jurisdiction as the basis for this Court's subject matter jurisdiction. (Doc. 1).

Federal courts are courts of limited jurisdiction and are obligated to inquire about jurisdiction *sua sponte* whenever it may be lacking. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted). In an action filed directly in federal court, a plaintiff bears the burden of adequately pleading, and ultimately proving jurisdiction. *See King v.*

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

*Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007). Federal courts have original jurisdiction over a matter if the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). Here, Arcadia fails to plead adequately diversity of citizenship.

A limited liability company ("LLC"), like Arcadia and Winn-Dixie Stores Leasing, is a citizen of every state in which one of its members is located. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); Each member of the LLC must be diverse from the plaintiff. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Here, Arcadia merely alleges that its principle place of business is in Ohio and that Winn-Dixie Stores Leasing's principle place of business is in Florida. (Doc. 1 at ¶¶ 2-3). But it fails to allege where the members of both business are domiciled. *See generally McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (stating that an individual is a citizen where he is domiciled, not necessarily where he is a resident). Without such allegations, Arcadia has not adequately pleaded diversity of citizenship. The Court thus lacks subject matter jurisdiction over this case.

Accordingly, it is now

**ORDERED:**

The Complaint (Doc. 1) is **DISMISSED without prejudice**. Plaintiff Arcadia Development LLC has up to and including **October 25, 2017**, to file an amended complaint that properly alleges this Court's subject matter jurisdiction. **Failure to do so will result in this case being dismissed without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of October 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record