UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARCADIA DEVELOPMENT LLC,

      Plaintiff,

v.                                  Case No: 2:17-cv-552-FtM-99MRM

WINN-DIXIE STORES, INC. and
WINN-DIXIE STORES LEASING,
LLC,

      Defendants.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Defendants' Motion to Dismiss Amended Complaint for Lack of Standing (Doc. 20) filed on November 3, 2017. Plaintiff filed a Response in Opposition (Doc. 31) on November 20, 2017. For the reasons set forth below, the Motion is denied.

## BACKGROUND

Plaintiff Arcadia Development LLC (Arcadia) brings a one-count Amended Complaint for breach of a commercial lease agreement. (Doc. 12). At all relevant times, Arcadia was the owner and landlord of commercial property located in Arcadia, Florida (the Premises), which was leased to Winn-Dixie. (Id. at ¶ 8). Arcadia was not always

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Winn-Dixie's landlord. Winn-Dixie Stores, Inc. first began leasing the Premises in 1992 when it entered into a written lease agreement with Arcadia's predecessors-in-interest on October 1, 1992 (the Lease).² (*Id.* at ¶¶ 9-10). Plaintiff has attached a copy of the 1992 Lease to the Amended Complaint as Exhibit A. (Docs. 12-2 – 12-6). Plaintiff has also attached copies of the Assignment and Assumption of Leases, which Plaintiff states shows that the prior owner/landlord assigned all of its rights, title, and interest in the Lease to Carnegie Companies, Inc. (Carnegie), after which Carnegie assigned all of its rights, title, and interest in the Lease to Arcadia. (Doc. 12, ¶ 9; Doc. 12-8).

Winn-Dixie terminated its business operations at the Premises in or about February 2015, but retained control of the Premises until the Lease terminated pursuant to its terms on April 30, 2017. (Doc. 12, ¶¶ 21-23). Plaintiff alleges that during this two-year period, Winn-Dixie allowed the Premises to fall into a state of disrepair, in contravention of the Lease terms, resulting in over $600,000 in damages. (*Id.* at ¶ 37).

## DISCUSSION

Defendants move to dismiss the Amended Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff lacks standing. Specifically, Defendants argue that Plaintiff has failed to allege that the Lease was properly assigned from 1992 until the present such that Arcadia would have a proper interest in the Lease. Defendants point to the 1992 Lease Agreement (Doc. 12-2), which Winn-Dixie entered into with Josef Strauss, Joanne R. Fox, Cheryl E. Stone, and successor co-trustees of the Erna D. Strauss Grandchildren Trust. Defendants state that

---

² Winn Dixie Stores, Inc. subsequently assigned its rights under the Lease to Defendant Winn-Dixie Leasing, LLC. (Doc. 12, ¶ 11; Doc. 12-9).

2

the Amended Complaint does not demonstrate the assignment of any interest from the Strauss Trust to any party, let alone Plaintiff or any predecessors. (Doc. 20, ¶ 10).

Defendants mount a "facial" attack to the Court's subject matter jurisdiction (Doc. 20, ¶ 8). A facial attack challenges subject matter jurisdiction based on the allegations in the complaint, and the Court takes the allegations in the complaint as true in deciding the motion. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n. 5 (11th Cir. 2003). The complaint may be dismissed for a facial lack of standing only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Jackson v. Okaloosa County*, 21 F.3d 1531, 1536 n.5 (11th Cir.1994) (citation omitted).

Under Florida law[3], an assignment generally transfers to the assignee all interest of the assignor under the assigned contract. See *Livingston v. State Farm Mut. Ins. Co.*, 774 So. 2d 716, 718 (Fla. 2d DCA 2000). "Generally, contract rights can be assigned unless they involve obligations of a personal nature or there is some public policy against the assignment or such assignment is specifically prohibited by the contract." *New Holland, Inc. v. Trunk*, 579 So. 2d 215, 217 (Fla. 5th DCA 1991) (citation omitted).

Here, the Amended Complaint alleges that Arcadia is the owner and landlord of the Premises pursuant to the Lease to which the prior owner/landlord assigned all of its rights, title, and interest to Arcadia. (Doc. 12, ¶¶ 8-9). The Court will take the allegations as true for purposes of this Motion to Dismiss. Furthermore (and contrary to Defendants' assertions), the attachments to the Amended Complaint show assignments and assumptions of the Lease from the original parties to the 1992 Lease agreement, all the

---

[3] In diversity cases, a federal court applies the law of the forum in which it sits. *Cambridge Mut. Fire Ins. Co. v. City of Claxton*, 720 F.2d 1230, 1232 (11th Cir.1983). The Lease also states that Florida law applies. (Doc. 12-2, ¶ (bb); Doc. 12-4, ¶ 30).

way to Arcadia.  See Doc. 12-8.  "A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (citation omitted).  Thus, the Amended Complaint and the attached exhibits plausibly allege an assignment of all interest in the Lease to Plaintiff; therefore, the facial attack on the Court's subject matter jurisdiction is due to be denied.[4]

Finally, Plaintiff states that there is a typographical error in paragraph 9 of the Amended Complaint as "Carnegie Companies, Inc." should read "Carnegie Properties, Inc." (Doc. 31, n.1).  Plaintiff will be directed to file a Second Amended Complaint to correct this error.

Accordingly, it is now

**ORDERED:**

(1)  Defendants' Motion to Dismiss Amended Complaint (Doc. 20) is **DENIED**.

(2)  Plaintiff is directed to file a Second Amended Complaint in order to correct the typographical error identified in its response on or before **January 5, 2018**; thereafter, Defendants shall have fourteen (14) days to file an Answer.

---

[4] However, constitutional standing always remains a "live" issue in a case, and may be asserted at virtually any stage of the proceedings, if, for instance, the validity of the assignment is challenged.  See *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." (internal citation omitted)).  A factual attack challenges the existence of subject matter jurisdiction using materials extrinsic from the pleadings, such as affidavits or testimony.  *Stalley ex. rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008).

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of December, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record